UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                          Plaintiff,      **REPORT AND RECOMMENDATION**

      v.

                         CV 05-4447 (SJ) (VVP)

BRENDA DAVIS a/k/a Brenda Riley,

                        Defendant.
------------------------------------------------------------x
POHORELSKY, Magistrate Judge:

      Judge Johnson has referred to me for a Report and Recommendation, pursuant to 28 U.S.C § 636(b)(1), the Government's motions for a default judgment and for attorneys' fees in this student loan case. The defendant, Brenda Davis, has filed no opposition; nor has she communicated with the court at any time during the course of these proceedings. For the reasons discussed below, the undersigned respectfully recommends that both motions be GRANTED.

      **I.     Default Judgment Standard**

      Courts engage in a two-step process when considering a motion for default judgment under Rule 55. Fed. R. Civ. P. 55(a) & (b); *see also New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The Clerk of Court must first enter a notice of default, pursuant to Rule 55(a), when a party has failed to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). Following a notice of a default, the plaintiff must make a motion for a default judgment and the defaulting party must be given written notice of the application. *Cf. Turner v. Salvatierra*, 580 F.2d 599 (5th Cir. 1978) (holding that failure to provide notice to the defaulting party of a motion for default warrants setting aside the judgment). At the second step, the court evaluates whether a default judgment is appropriate pursuant to Rule 55(b), and deems all well-pleaded allegations in the complaint to be admitted for the purposes of determining liability. *See Dundee Cement Co.*

*v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319 (7th Cir. 1983); *see also* Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required . . . are admitted when not denied in the responsive pleading."). Once liability is established, the court must conduct a separate inquest to calculate the amount of damages, and, in doing so may not rely on the allegations set forth in the complaint. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). To that end, it is in the court's discretion to conduct a full-blown evidentiary hearing, or, instead, rely solely on documentary proof, when determining the proper amount of damages to be awarded. *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (citations omitted).

## II. Discussion

In this case, the complaint and summons were properly served on November 30, 2005. (Clerk's Notation of Default, May 4, 2006, *available at* docket entry no. 6.) As noted by the Clerk of the Court in his notation of default (*id.*), return of service was filed on December 5, 2005, a fact borne out from the court's own review of the docket in this case. (*See* docket entry no. 3.) The defendant has therefore defaulted within the meaning of Rule 55(b)(2) and the following factual allegations are deemed true for purposes of establishing liability. *See Dundee,* 722 F.2d at 1323.

On or around January 17, 1986, the defendant obtained a $2,500 student loan from Reliance Federal Savings Bank with interest accruing at a rate of 8% per annum. (Compl. ¶ 3 (citing Certificate of Indebtedness, June 10, 1999).) In exchange for the loan the defendant signed a promissory note memorializing her obligation to repay the debt. (*Id.*) The New York State Higher Educational Services Corporation acted as guarantor and the United States

2

Department of Education as reinsurer for the loan. (*See* Certificate of Indebtedness, June 10, 1999, attached to Compl.) After remitting $1,068.02 to Reliance Federal in repayment, the defendant failed to make any further payments as required under the promissory note. (Compl. ¶ 3.) As a result, the loan was assigned to the Department of Education for collection purposes. (*Id.*) The Government is entitled to collect from a student who has defaulted on a federally insured student loan. *See* 20 U.S.C. § 1080(b) ("The United States shall be subrogated for all of the rights of the holder of the obligation upon the insured loan and shall be entitled to an assignment of the note."). Thus, the well-pleaded allegations establish the defendant's liability to the Government for the unpaid obligations of the promissory note.

The Government, on behalf of the Department of Education, requests that the court enter a default judgment for the remainder of the loan together with prejudgment and postjudgment interest, and an award of costs for filing fees and service of process. The plaintiff also requests an award of attorneys' fees.

The Government contends that the defendant remains indebted for the unpaid principal balance of the loan of $1,431.98. The Government has supported its claim with a Certificate of Indebtedness, which was prepared, under penalty of perjury, by a loan analyst from the Department of Education. (*See* Certificate of Indebtedness, June 10, 1999, attached to Compl.) These facts satisfy the court that a default judgment should include the remaining loan amount of $1,431.98.

Under 34 C.F.R. § 682.410, the Government is also entitled to the amount of interest accrued on the loan at the rate agreed to by the borrower in the promissory note. That regulation, and those under the same part, was promulgated by the Department of Education for the purpose

3

of administering various federal student loan programs, and requires that "the guaranty agency," here, the New York State Higher Educational Services Corporation, "charge the borrower interest on the amount owed. . . at a rate that is the greater of," among other rates, the one "established by the terms of the borrower's original promissory note." *See* 34 C.F.R. § 682.410(b)(3)(i). In the present case, the defendant in signing the promissory note agreed to pay interest at a rate of 8% per annum. (*See* Certificate of Indebtedness, June 10, 1999, attached to Compl.) Using this rate the Government has calculated that, as of May 14, 1999, the defendant owed prejudgment interest in the amount of $1,274.44. (*See id.*) Since May 14, 1999, prejudgment interest has continued to accrue on the loan at the rate of 8% per annum, or $0.31 per day (*see id.*). When calculated up to the date of this report and recommendation, the additional prejudgment interest since May 14, 1999 totals $937.55. The defendant therefore owes a total of $2,211.99 in prejudgment interest through July 18, 2007. When added to the unpaid principal, the total amount due under the promissory note through July 18, 2007 is $3,643.97. Interest on the loan will, of course, accrue at the rate of $0.31 per day until the date of judgment.

Under 28 U.S.C § 1961(a), the Government is also entitled to postjudgment interest, which it has sought here. The rate of such interest, as set forth under section 1961(a), "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." (footnote omitted).

In addition to the principal and interest on the loan, the plaintiff seeks reimbursement for costs associated with filing fees, $250.00, and service of process, $47.00. (*See* Govt's

4

Affirmation of Amount Due ¶ 10, *available at* docket entry no. 4; *see also* "Service Charges" Receipt, attached to Govt's Affirmation of Amount Due.) Under section 2412(a)(1) and (2), an award of such fees and costs is proper when the Government is a party to the action. 28 U.S.C. § 2412(a)(1)-(2). To that end, the court recommends that the Government be reimbursed $297.00 in fees and costs.

### III. Attorneys' Fees

Under 34 C.F.R. § 682.410(b)(2), the recovery of attorneys' fees by the Government in student loan default cases, such as the one here, may be ordered. While the statute upon which 34 C.F.R. § 682.410 is based only authorizes the Government to recover so-called "reasonable collection costs," from a defaulted borrower, 20 U.S.C. § 1091a(b)(1), the Department of Education has interpreted such costs to include, among other things, attorneys' fees. *See* 34 C.F.R. § 682.410(b)(2); *see also Black v. Educ. Credit Mgmt. Corp.*, 459 F.3d 796, 800 (7th Cir. 2006).

The Government proposes two methods for arriving at the proper amount of attorneys' fees. First, it suggests taking an overall percentage of the amount ultimately recovered from the defendant. This is known as the percentage of recovery method. In the alternative, it suggests that the fee be calculated using the lodestar method. The framework for this method is well-known and requires that the court to take the product of "the number of hours reasonably expended on the litigation [with] a reasonably hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This assessment "should be based on 'prevailing market rates,' for comparable attorneys of comparable skill and standing in the pertinent legal community." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149,172 (2d Cir. 1998). A fee application under the lodestar method must

5

be accompanied with contemporaneous time sheets which "specify, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* at 173.

The Second Circuit has generally used the lodestar method to calculate an award of attorneys' fees. *See, e.g.*, *Wells v. Bowen*, 855 F.2d 37, 43 (2d Cir. 1988); *Insinga v. Cooperatieve Centrale Raiffeisen Boerenleenbank B.A.*, 478 F. Supp. 2d 508 (S.D.N.Y. 2007); *United States v. Mueller*, No. 04-CV-3063(JS), 2004 U.S. Dist. Lexis 29152, at *9 (E.D.N.Y. Dec. 22, 2004) (using the lodestar method in a student loan default case as opposed to the percentage of recovery method). Although the court is aware of one case that has employed the percentage of recovery method, *see, e.g., United States v. Vilius*, 419 F. Supp. 2d 293, 301 (E.D.N.Y. 2005) (Sifton, J.), there is little question that most courts have calculated attorneys' fees in student loan default cases using the lodestar method. Indeed, there are sound reasons for proceeding down the well-worn path that is the lodestar method. First, it rewards the attorney for the actual amount of hours expended on a case. Second, it allows for discrete adjustments of fee requests based, for example, on the complexity of the issues in a case, *see J & J Sports Productions, Inc. v. Echeverria*, No. 06-Civ-2894, 2007 WL 1160423, at *6 (E.D.N.Y. Mar. 16, 2007) (reducing the amount of hours when it was clear that the issues and work done were relatively simple and did not match the amount of hours claimed), which, significantly, the percentage of recovery method does not allow for. Finally, because detailed time sheets are required to be submitted as part of a fee request, *see Kirsch*, 148 F.3d at 173, employing the lodestar method instills within counsel the sound practice of accurately documenting the time spent and work done on a matter.

Perhaps in reliance on the court's selection of the percentage of recovery method, the Government has submitted an affidavit merely stating that not less than 4.5 hours of work was expended on this case. (Govt's Affirmation of Amount Due ¶ 8.) As indicated above, however, the lodestar method requires that the attorney accurately provide the court with documentation of the amount of hours and the nature of work performed on a case. *See Kirsch*, 148 F.3d at 173 (citing *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147-48 (2d Cir. 1983)) (additional citations omitted). Although an affidavit does, in some instances, constitute sufficient proof for recovery of attorneys' fees under the lodestar method, it must nevertheless summarize the amount of hours and nature of work with a high degree of specificity. *See David v. Sullivan*, 777 F. Supp. 212, 223 (E.D.N.Y. 1991) ("Attorney affidavits which set forth all charges with the required specificity but which are reconstructions of the contemporaneous records . . . suffice to permit recovery of attorneys' fees.") (citations omitted).

The Government, however, falls short of satisfying this requirement as the affidavit only lists the amount of hours and the type of work that counsel *generally* expends on a student loan default case. The plaintiff fails to specify, in particularity, the hours expended and the work performed in this case. This error is not fatal to the fee request, however. It is clear that counsel for the plaintiff has expended some work on this case and should therefore be compensated for his efforts. As to the reasonableness of the hours requested, because of the relative simplicity of the issues and the lack of specific documentation, the court respectfully recommends that counsel be compensated for 3 hours of work rather than the requested 4.5 hours. *See Hensley*, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). Counsel for the plaintiff indicates that his general hourly rate is $350,

which other courts in this district have found to be excessive in light of the prevailing rates charged in student loan default cases. *See United States v. O'Connor*, No. 04-Civ-2546, 2006 WL 1419388, at *7 (E.D.N.Y. May 18, 2006) (reducing counsel for the plaintiff's hourly rate to $250 in a student loan default case). The court therefore finds an hourly rate of $250 reasonable here. Accordingly, $750.00 in total attorney's fees should be awarded to the Government.

## CONCLUSION

For the above reasons, the court respectfully recommends that the Government's motions for a default judgment be GRANTED and that damages, costs and attorneys fees be awarded as follows:

(i) damages in the amount of $3,643.97 for unpaid principal and prejudgment interest through July 18, 2007, plus additional prejudgment interest at the rate of $0.31 per day from July 18 to the date of judgment;

(ii) costs in the amount of $297.00;

(iii) attorneys' fees in the amount of $750.00; and

(iv) postjudgment interest accruing at the statutory rates.

\*        \*        \*        \*        \*        \*        \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court with a copy to the undersigned within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir. 1992), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**Within three business days, the plaintiff shall serve a copy of this Report and Recommendation on the defendant by certified mail, return receipt requested, and shall file a certification of such service in the record.**

*/s/ Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
       July 18, 2007